JOHN W. HUBER, United States Attorney (#7226)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 325-3285 • Facsimile: (801) 325-3387

FILED
U.S. DISTRICT COURT
2019 FEB 26  A 10: 43
DISTRICT OF UTAH
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | FELONY INFORMATION |
|---|---|
| Plaintiff, | Vio. 18 U.S.C. § 157(2), Bankruptcy Fraud (Count 1); |
| vs. | 18 U.S.C. § 152(1), Concealment (Counts 2-5); |
| F. DAVID ELDER, | 18 U.S.C. § 152(3), False Bankruptcy Declaration (Count 6); |
| Defendant. | 18 U.S.C. § 152(2), False Bankruptcy Oath (Count 7); and |
| | 18 U.S.C. § 2 (Aiding and Abetting) |
| | Case: **2:19-cr-00061**<br>Assigned To : **Shelby, Robert J.**<br>Assign. Date : **2/26/2019**<br>Description: **USA v. Elder** |

The United States Attorney charges:

The Bankruptcy Process

1. A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities,

income from prior years, and any anticipated increase in income. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor. A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing. The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

3. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." These forms are signed by the debtor under penalty of perjury.

4. If a bankruptcy trustee is assigned to the bankruptcy case, he or she is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors. All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

5. Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharges of their debts. A discharge depends upon the debtor's disclosure of a true and accurate picture of his or her financial affairs.

Background

6. On January 28, 2015, the defendant filed a voluntary individual chapter 7 petition in the United States Bankruptcy Court in the District of Utah. On the same date, the defendant filed his Statement of Financial Affairs and Schedules of Assets and Liability under penalty of perjury.

7. At the time of his filing, the defendant held a 25 percent interest in Modern Tile, LLC ("Modern Tile"), a Utah company formed in 2011 that sold and distributed tile and stone building products. R.P. and T.C. each owned a 37.5 percent interest in Modern Tile.

8. At the time of his filing, the defendant had three bank accounts with Granite Credit Union, two checking and one savings.

9. D & L Property Holdings, LLC, is a Utah company formed in 1996 in which the defendant held a 50 percent interest and his wife, L.E., held the other 50 percent interest.

**COUNT 1**
**18 U.S.C. § 157**
**(Bankruptcy Fraud)**

*The Scheme to Defraud*

9. Beginning on or about October 2013, and continuing through at least on or about December 2016, defendant Frank David Elder, devised, intended to devise, and participated in a scheme to defraud the bankruptcy court, the bankruptcy trustee and his creditors through bankruptcy proceedings under 11, United States Code.

10. It was part of the scheme that the defendant would, after the filing of bankruptcy, conceal the following assets:

- $9,000 Cashier's Check;

3

- 25 percent interest in Modern Tile; and
- $5,000 distribution check from Modern Tile.

11. It was further part of the scheme that the defendant would sign his Statement of Financial Affairs and Schedules of Assets and Liabilities under penalty of perjury that the information contained in these documents were true and correct.

12. It was further part of the scheme that the defendant would, after the filing of bankruptcy, testify under oath at two first meeting of creditors that he had read and signed his Statement of Financial Affairs and Schedules of Assets and Liabilities and the information contained in these documents was true and correct.

13. It was further part of the scheme that the defendant would, after the filing of bankruptcy, attempt to sell his interest in Modern Tile for $40,000 by placing an advertisement with KSL.com. without the knowledge of the bankruptcy trustee or approval of the bankruptcy court.

14. It was further part of the scheme that the defendant would, after filing bankruptcy, falsely testify at his continued first meeting of creditors on March 23, 2015 that the last distribution he had received was a $4,000 from Modern Tile February 2014.

15. It was further part of the scheme that the defendant would, after filing bankruptcy, endorse a $5,000 distribution check from Modern Tile dated February 20, 2015 over to his son-in-law, P.G, to cash and to provide the cash to the defendant.

16. It was further part of the scheme that the defendant would, after filing for bankruptcy, contact Granite Credit Union ("GCU") and request GCU to replace a $9,000 Cashier's Check GCU had issued before his bankruptcy but subsequently lost by his wife.

17. It was further part of the scheme that the defendant would, after filing for bankruptcy, receive and deposit a check for $17,494.42 from R.P. and T.C. for the purchase of his interest in Modern Tile.

*Execution of the Scheme*

18. On or about January 29, 2015, in the Central Division of the District of Utah,

**F. DAVID ELDER,**

the defendant herein, for the purpose of executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, filed a Petition, Statement of Financial Affairs and Schedule of Assets and Liabilities/ petition under Title 11, namely, a Chapter 7 Petition, in the United States Bankruptcy Court for the District of Utah, *In re F. David Elder*, Case No. 15-29472; all in violation of 18 U.S.C. §§ 157(1) and (2).

## COUNT 2
## 18 U.S.C. § 152(1)
## (Concealment)

19. The grand jury incorporates by reference paragraphs 1 through 18 as if fully stated herein.

20. Between on or about January 29, 2015 and on or about July 2015, in the Central Division of the District of Utah,

**F. DAVID ELDER,**

the defendant herein, did knowingly and fraudulently conceal from creditors of the bankruptcy estate of F. David Elder and the panel trustee in bankruptcy a $9,000 cashier's check, property belonging to the bankruptcy estate of F. David Elder, and did aid and abet, all in violation of 18 U.S.C. §§ 152(1) and 2.

## COUNT 3
## 18 U.S.C. § 152(1)
## (Concealment)

21. The grand jury incorporates by reference paragraphs 1 through 20 as if fully stated herein.

22. Between on or about February 20, 2015 and on or about September 8, 2015, in the Central Division of the District of Utah,

**F. DAVID ELDER,**

the defendant herein, did knowingly and fraudulently conceal from creditors of the bankruptcy estate of F. David Elder and the panel trustee in bankruptcy a $5,000 distribution check from Modern Tile LLC, property belonging to the bankruptcy estate of F. David Elder, and did aid and abet, all in violation of 18 U.S.C. §§ 152(1) and 2.

## COUNT 4
## 18 U.S.C. § 152(1)
## (Concealment)

23. The grand jury incorporates by reference paragraphs 1 through 22 as if fully stated herein.

24. Between on or about August 25, 2015 and on or about September 4, 2015, in the Central Division of the District of Utah,

**F. DAVID ELDER,**

the defendant herein, did knowingly and fraudulently conceal from creditors of the bankruptcy estate of F. David Elder and the panel trustee in bankruptcy the attempted sale of his interest in Modern Tile, property belonging to the bankruptcy estate of F. David Elder, and did aid and abet, all in violation of 18 U.S.C. §§ 152(1) and 2.

## COUNT 5
## 18 U.S.C. § 152(1)
## (Concealment)

25. The grand jury incorporates by reference paragraphs 1 through 24 as if fully stated herein.

26. Between on or about September 2016 to and on or about January 2017, in the Central Division of the District of Utah,

**F. DAVID ELDER,**

the defendant herein, did knowingly and fraudulently conceal from creditors of the bankruptcy estate of F. David Elder and the panel trustee in bankruptcy $17,494.42 of purchase proceeds from the sale of defendant's 25 percent interest in Modern Tile, LLC, property belonging to the bankruptcy estate of F. David Elder, and did aid and abet, all in violation of 18 U.S.C. §§ 152(1) and 2.

## COUNT 6
## 18 U.S.C. § 152(3)
## (False Bankruptcy Declaration)

27. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

28. On or about January 28, 2015, in the Central Division of the District of Utah,

**F. DAVID ELDER,**

the defendant herein, knowingly and fraudulently made a material false declaration and statement under the penalty of perjury as permitted under section 1746 of Title 28 in and in relation to a case under Title 11, *In re F. David Elder*, Case No. 15-20700, by filing and causing to be filed Statement of Financial Affairs and Schedules of Assets and Liabilities, in which the

defendant fraudulently omitted to disclose the value of his interest in Modern Tile, LLC, as required by Item 13 of Schedule B of the Schedules of Assets and Liabilities. All in violation of 18 U.S.C. §§ 152(3) and 2.

## COUNT 7
## 18 U.S.C. § 152(2)
## (False Bankruptcy Oath)

29. The grand jury incorporates by reference paragraphs 1 through 28 as if fully stated herein.

30. On or about March 23, 2015, in the Central Division of the District of Utah,

**F. DAVID ELDER,**

defendant herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, *In re F. David Elder*, Case No. 15-20700, by falsely testifying under oath in a proceeding before the case trustee at a meeting of creditors as underscored below:

Ms. Loveridge: Have you received a distribution [from Modern Tile]?

Mr. Elder: Yes.

Ms. Loveridge: When was the last time?

Mr. Elder: <u>I-I-I gave Anna that</u>.

Ms. Drake: <u>I think that is in the Statement of [Financial] Affairs</u>.

Ms. Loveridge: Is this the $4,000 in 2014 that I'm looking at? Was that a K-1 distribution, on question 1?

Ms. Drake: It says 2014, Modern Tile.

Ms. Loveridge: Uh-huh

Ms. Drake: $4,000

Ms. Loveridge: $4,000?

. . . .

Ms. Loveridge: Is that – is that a K-1 distribution –

Mr. Elder: Yes.

Ms. Loveridge: -- sir?

Mr. Elder: Yes, it is, yes.

Defendant made the foregoing false declarations knowing full well that he had received a $5,000 distribution check from Modern Tile on or about February 20, 2015; all in violation 18 U.S.C. §§ 152(2) and 2.

Dated this 25th day of February, 2019.

JOHN W. HUBER
United States Attorney

/s/ Cy H. Castle

CY H. CASTLE
Assistant United States Attorney
PETER KUHN
Special Assistant United States Attorney